IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**LOREN VANDERSCHOOT,** on behalf of himself and those similarly situated,

        Plaintiff,

**v.**

**ACTIVE PACKET, LLC.,** and **CHAD LOWE,** individually,

        Defendants.

Case No. 3:25-cv-00012

**Jury Demanded**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOREN VANDERSCHOOT, on behalf of himself and those similarly situated, by and through the undersigned attonrey, sues the Defendants, ACTIVE PACKET, LLC., and CHAD LOWE, individually, and alleges the following:

### Nature of the Case

1. Plaintiff is an employee of the Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, breach of agreement for unpaid expenses, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and state law.

### Parties

2. At all material times relevant to this Complaint, Defendant, ACTIVE PACKET, LLC., (hereinafter "ACTIVE"), is/was an Ohio Limited Liability

1

Corporation that operates and conducts business in Tipp City, Ohio.

3. ACTIVE operates as an information technology company that installs network and WiFi systems in hotels.

4. At all material times, CHAD LOWE was an individual resident of the State of Ohio, who owned and operated ACTIVE.

5. Plaintiff is a current employee of the Defendants.

6. Plaintiff has worked for the Defendants since April 2023 as an Installer.

## Jurisdiction and Venue

7. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. § 1331 (supplemental jurisdiction).

8. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are headquartered in this District.

9. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## General Factual Allegations

10. Plaintiff is a salary paid employee who has worked for Defendants for

several years traveling to different site locations/hotels for Defendants.

11. Plaintiff has worked for Defendants since approximately April 2023 and currently works for Defendants as a salary paid Installer.

12. Plaintiff's primary job duties include traveling out of state to install equipment and software, providing routine maintenance and troubleshooting existing systems, which do not meet the criteria for any exemption from the FLSA's overtime requirements.

13. Defendants employ numerous other similarly situated employees who are also misclassified as exempt under the FLSA.

14. ACTIVE is in the information technology industry that focuses on services such as installing networks and WiFi systems in hotels.

15. At all material times, ACTIVE is/was an enterprise subject to the FLSA's provisions on overtime and minimum wages.

16. At all material times, ACTIVE is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. office supplies (such

pens, telephones, etc.) and products and services to customers (such as phones, computers, tablets, etc.)).

17. At all material times, ACTIVE has had two or more employees who routinely ordered materials or supplies, such as office supplies and products and services for customers, from out of state vendors.

18. At all material times, ACTIVE has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all material times, LOWE was an individual resident of the State of Ohio, who owned and operated ACTIVE, and who regularly exercised the authority to: (a) hire and fire employees of ACTIVE; (b) determine the work schedules for the employees of ACTIVE, and (c) control the finances and operations of ACTIVE. By virtue of having regularly exercised that authority on behalf of ACTIVE, LOWE is/was an employer as defined by 29 U.S.C. § 201, et seq.

20. Plaintiff individually engages in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as he travels out of state to serve customers and utilizes the Internet to perform his job duties.

### FLSA Overtime and Minimum Wage Violations

21. At all material times, Plaintiff and other similarly situated employees are/were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked and minimum wages.

22. At all material times, Defendants failed to comply with the FLSA because Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and other similarly situated employees for all overtime hours worked and Plaintiff and other similarly situated employees were not paid full minimum wages in some weeks.

23. Defendants misclassified Plaintiff and other similarly situated employees as salaried employees and did not pay them overtime compensation for all hours worked in excess of forty (40) hours per work week during one or more work weeks, in violation of the FLSA.

24. Throughout their employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

25. Plaintiff regularly worked over forty (40) hours per week – frequently as much as fifty-five (55) hours per week or more – but was not paid anything in addition to his "salary" for overtime work performed.

26. Furthermore, Plaintiff incurred substantial work-related travel expenses, including hotel costs, in excess of Twelve Thousand Dollars, based on Defendants' prior agreements to reimburse Plaintiff for such work-related expenses.

27. Despite Defendants' past practice of reimbursing Plaintiff for work-related travel expenses, Defendants breached their agreement to reimburse Plaintiff for these expenses, thus, in those weeks in which Plaintiff incurred such expenses, Plaintiff's effective hourly rate regularly fell below the mandatory minimum wage rate required by the FLSA.

28. Based upon the above policies, Defendants have violated the FLSA by failing to pay overtime pay for each hour worked over forty (40) per week and failure to pay minimum wages in each week.

29. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

30. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

31. Paragraphs one (1) through thirty (30) above are fully re-alleged and incorporated herein.

32. Plaintiff and other similarly situated employees are entitled to be paid

time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

33. Throughout his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

34. Plaintiff is paid a "salary" for forty (40) hours of work.

35. Plaintiff routinely works in excess of forty (40) hours a week without any overtime compensation.

36. Specifically, a review of Plaintiff's and other similarly situated employees' job duties show that they are not exempt employees and are entitled to overtime compensation.

37. Defendants did not have a good faith basis for their failure to pay Plaintiff and other similarly situated employees full overtime compensation for each hour worked in excess of forty (40) per work week.

38. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and other similarly situated employees overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and other similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendants' willful violation of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

41. Paragraphs one (1) through thirty (30) above are fully re-alleged and incorporated herein.

42. Plaintiff is entitled to be paid the minimum wage for each hour worked per week.

43. Throughout his employment with Defendants, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

44. Due to Plaintiff being forced to incur substantial work-related expenses in certain weeks, Plaintiff's effective hourly rate fell below the minimum, causing a minimum wage violation.

45. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46. Defendants did not have a good faith basis for its failure to pay Plaintiff's minimum wages for each hour worked.

47. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

48. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

49. Paragraphs one (1) through thirty (30) above are fully re-alleged and incorporated herein.

50. Plaintiff and Defendants had previously agreed that Defendants would reimburse Plaintiff for work-related travel expenses, including hotels.

51. Plaintiff incurred work-related travel expenses in excess of Twelve Thousand Dollars in reliance on this agreement with Defendants and has to-date not been reimbursed.

52. Furthermore, Defendant's employee handbook contains a provision that reads in pertinent parts: "Active Packet will reimburse any company expenses paid out of personal earnings with an itemized receipt."

53. Plaintiff has submitted such itemized receipts, but still has not been

9

reimbursed.

54. Defendants' failure to reimburse Plaintiff constitutes a breach of the agreement between the Parties, causing Plaintiff to suffer damages in the amount of approximately Twelve Thousand Dollars.

55. As a result of Defendants' breach in refusing to pay Plaintiff his work-related travel expenses, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

56. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all unpaid expenses for which Defendant did not properly compensate him, interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 14, 2025

/s/ J. COREY ASAY
J. Corey Asay, Esq.
Ohio Bar. No. 0090203
HKM Employment Attorneys, LLP
312 Walnut Street
Suite 1600
Cincinnati, OH 45202
Phone: 513-318-4496
*Trial Counsel for the Plaintiff*

        **/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq. (*Pro Hac Vice forthcoming*)
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com
*Attorneys for Plaintiff*