UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LOREN VANDERSCHOOT,

       Plaintiff,

vs.

ACTIVE PACKET, LLC, *et al.*,

       Defendants.

Case No. 3:25-cv-12

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (Doc. No. 15); (2) AWARDING PLAINTIFF $36,458.20 IN DAMAGES AND $1,660.00 IN COSTS; (3) DIRECTING THE CLERK TO ENTER JUDGMENT ACCORDINGLY; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Loren Vanderschoot, through counsel, filed a complaint in this case asserting his employers, Defendants Active Packet, LLC ("Active Packet") and Chad Lowe, failed to pay him overtime and minimum wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207.  Doc. No. 1.  Although service of summons was returned executed as to Active Packet and Lowe (Doc. Nos. 8-11), neither Defendant filed an answer nor otherwise responded to Plaintiff's complaint.  Upon Plaintiff's motion, the Clerk of Court entered a default against Active Packet and Lowe pursuant to Fed. R. Civ. P. 55(a).  Doc. Nos. 13, 14.

The case is before the Court on Plaintiff's motion for a default judgment against Active Packet and Lowe.  Doc. No. 15.  Active Packet and Lowe did not respond to, or oppose, Plaintiff's motion for a default judgment.

This Court has subject matter jurisdiction in this case based on the pending federal questions asserted in Plaintiff's FLSA claims.  *See* 28 U.S.C. § 1331.

## I.  Default Judgment

A party is in default when it fails to "plead or otherwise defend" an action.  Fed. R. Civ. P. 55(a).  Once default is shown by affidavit or otherwise, the Clerk of Court "must enter the party's default." *Id.*  When this occurs, and the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has defaulted by not appearing and who is neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).  Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *see Parallax Advanced Rsch. Corp. v. SPG Inst., Inc.*, No. 3:21-cv-133, 2021 WL 3634739, at *1 (S.D. Ohio Aug. 17, 2021).

For a default judgment to be valid, "the Court must be satisfied that the facts in the complaint state a claim for relief against that party."  *Su v. KMH Systems, Inc.*, No. 3:22-cv-9, 2024 WL 4198174, at *1 (S.D. Ohio Sept. 16, 2024); *see Parallax Advanced Rsch.*, 2021 WL 3634739, at *2 ("[A] a default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted").

## II.  Plaintiff's Complaint

Because the Clerk of Court correctly entered default against Active Packet and Lowe, *see* Doc. Nos. 13, 14; *see also* Fed. R. Civ. P. 55(a), the default judgment analysis turns to Plaintiff's complaint and whether it states a claim for relief.  *Su*, 2024 WL 4198174, at *1; *Parallax Advanced Rsch.*, 2021 WL 3634739, at *2.  In this procedural posture, "the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016) (citing *Ford Motor Co. v. Cross*, 441 F. Supp.2d 837, 846 (E.D. Mich. 2006)).

2

Consequently, the following review of Plaintiff's complaint accepts as true his factual allegations as to Defendants' FLSA liability.  *See id.*

**A.**

Active Packet is an Ohio Limited Liability Company that conducts business in Tipp City, Ohio.  Doc. 1 at PageID 1-2.  Active Packet operates as an information technology company, installing network and WiFi systems in hotels.  *Id.* at PageID 2.  Chad Lowe owns and operates Active Packet.  *Id.*

In April 2023, Plaintiff began working for Active Packet and Lowe as "a salary paid Installer."  *Id.* at PageID 3.  In this position, he has travelled for several years to different hotels.  *Id.*  His "primary job duties include traveling out of state to install equipment and software, providing routine maintenance and troubleshooting existing systems."  *Id.*

Plaintiff regularly worked over 40 hours per week and frequently worked 55 hours per week without receiving any overtime pay.  *Id.* at PageID at 6.  He is a "non-exempt employee" and is consequently entitled, under the FLSA, to receive overtime pay for all hours he worked over 40 hours per week.  *Id.*

In addition, Plaintiff incurred substantial work-related travel expenses, including hotel costs, in excess of twelve thousand dollars but was not reimbursed for these expenses.  *Id.*  Plaintiff claims, "[I]n those weeks in which [I] incurred such expenses, [my] effective hourly rate regularly fell below the mandatory minimum wage[,]" in violation of the FLSA.  *Id.*

In Plaintiff's sworn declaration attached to his motion for a default judgment, he states he is owed $18,229.10 in overtime pay plus an equal amount in liquidated damages, totaling $36,458.20.[1]  Doc. No. 15-1 at PageID 60-61; *see* Doc. No. 15 at PageID 56-57.  In his motion,

---

[1] Plaintiff explains, "I believe an average of 53-55 hours per week is fair and reasonable based on the work I did and travel I also did during the work days to travel to the different job sites."  Doc. No. 15-1 at PageID

Plaintiff does not seek damages for his unpaid minimum wages.  *See* Doc. No. 15 at PageID 56-57.  He also does not seek an award of attorney fees, but he seeks to recover $1,660.00 in costs.  *Id*. at PageID 57.

**B.**

"The FLSA requires employers to pay their employees overtime for work performed in excess of forty hours per week."  *Lutz v. Huntington Bancshares, Inc.*, 815 F.3d 988, 992 (6th Cir. 2016) (citing 29 U.S.C. § 207(a)(1)).  The FLSA sets the pay rate for overtime hours worked at "'not less than one and one-half times the regular rate[.]'"  *Murphy v. Kettering Adventist Healthcare*, No. 3:23-cv-69, 2023 WL 5020504, at *3 (S.D. Ohio  Aug. 7, 2023) (quoting 29 U.S.C. § 207(a)(1)).

"An FLSA overtime claim is properly pled where the complaint alleges: '(1) the defendants were employe[r]s as defined by the statute, (2) plaintiff and other similarly situated employees regularly worked overtime without compensation, and (3) defendants knew plaintiffs worked overtime and did not pay them for it.'"  *Id*. (citation modified) (quoting *Douglas v. Aspen Mgmt. USA, LLC*, No. 2:19-cv-5568, 2022 WL 306982, at *4 (S.D. Ohio Feb. 2, 2022)).  "'[E]xtensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend.'"  *Id*. (quoting *Hutt v. Greenix Pest Control, LLC*, No. 2:20-cv-1108, 2020 WL 6892013, at *4 (S.D. Ohio Nov. 24, 2020)).

Accepting Plaintiff's allegations as true, his complaint satisfies each FLSA element.  Active Packet and Lowe were Plaintiff's "employer" and he was their "employee," as the FLSA defines these terms.  *See* 29 U.S.C. §§ 203(d), (e)(1); *see also* Doc. No. 1 at PageID 3-4.  Plaintiff

---

61.  Based on a 54-hour work week, he calculates his unpaid overtime at $2,025.40 for one "salaried year" and $16,203.70 for another "salaried year," totaling $18,229.10 in unpaid overtime.  *Id*.

4

regularly worked overtime without compensation by regularly working over 40 hours each week. Doc. No. 1 at PageID 6.  Defendants knew Plaintiff regularly worked overtime hours and did not pay him the FLSA's overtime rate.  *Id*. at PageID 4-5.  Further, accepting Platiniff's allegations as true as to Defendants' liability, also reveals his work primarily involved traveling out of state to install equipment and software, providing routine maintenance, and troubleshooting existing WiFi systems.  *Id*. at PageID 3.  Particularly in the absence of a response or opposition by Defendants to Plaintiff's complaint and his motion for a default judgment, such work does not meet the criteria for any exemption from the FLSA's overtime pay requirements.  *Id*.; *cf. Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 579-81 (6th Cir. 2004) (finding the plaintiff was entitled to overtime pay because the work he performed—"installing and upgrading computer hardware and software on workstations, configuring desktops maintaining, checking cables, replacing parts, and troubleshooting Windows problems"—did not qualify for the FLSA's overtime-pay exemption for computer professionals).  Consequently, Defendants misclassified Plaintiff as a salaried employee exempt from the FLSA overtime pay requirements.  Doc. No. 1 at PageID 3, 5-6.  Based on the present record, he is a "non-exempt employee" and is consequently entitled, under the FLSA, to receive overtime pay for all hours he worked over 40 hours per week.  *See id*.

### III.  Damages

"'[W]hile liability may be shown by well-pleaded allegations, the district court must … conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-542268, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (citation modified) (quoting *United States v. Parker-Billingsley,* No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)).  Under the FLSA, an employee has the "burden of proving that he performed work for which he was not properly compensated." *Monroe v. FTS*

5

*USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)).   Where the employer's records are nonexistent or inadequate, the plaintiff can carry his or her FLSA burden with proof "that he has in fact performed work for which he was improperly compensated and . . . sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Id.* at 398–99 (quoting *Anderson*, 328 U.S. at 687).   Estimates under this standard suffice because "inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records."  *Id.* at 412.

The Court adopts, as unopposed, Plaintiff's damages calculations—as set forth in his sworn declaration, as reasonably certain—and finds Plaintiff is entitled to $18,229.10 in unpaid overtime wages.  *See* Doc. No. 15-1 at PageID 60-61; *see also Cline*, 2018 WL 542268, at *2.

An employer liable for unpaid wages under the FLSA must pay liquidated damages "in an additional equal amount," 29 U.S.C. § 216(b), unless "the employer shows to the satisfaction of the court that the act or omission giving rise to such [FLSA] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of [FLSA]." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting 29 U.S.C. § 260).  "Liquidated damages under the FLSA 'are compensation, not a penalty or punishment.'" *Id*. (quoting *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971)).

Defendants' failure to respond to Plaintiff's complaint leaves the record void of any explanation, or showing of good faith, by Defendants for failing to pay Plaintiff overtime wages as the FLSA requires.  Therefore, the Court **AWARDS** damages to Plaintiff for unpaid overtime wages in the amount of $18,229.10 plus an equal amount in liquidated damages, totaling $36,458.20 in damages.  *See* Doc. No. 15-1 at PageID 60-61; 29 U.S.C. § 216(b).  Plaintiff is also

entitled to recover his costs in the amount of $1,660.00.  *Id*. at PageID 63-64; *see* § 216(b).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for a default judgment is **GRANTED**, and

Plaintiff is **AWARDED** $36,458.20 in damages plus $1,660.00 in costs, which include, *inter alia*,

the filing fee initiating this case, and those costs are reasonable, permitted to be compensated under

the FLSA, and unopposed.  *See* 29 U.S.C. § 216(b).  The Clerk of Court is **DIRECTED** to enter

a final judgment accordingly.  This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

June 3, 2026                               s/*Michael J. Newman*
                                                   Hon. Michael J. Newman
                                                   United States District Judge